In the Matter of David W. SACKETT and Wendy D. Sackett, Debtors.

Mark E. BRENNER, Plaintiff,

v.

David W. SACKETT and Wendy D. Sackett and Mark M. Ristau, Esq., Trustee, Defendants.

Bankruptcy No. 83–00094E.
Adv. No. 83–0276.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 9, 1985.

Richard W. Roeder, Titusville, Pa., for plaintiff.

Robert J. Felton, Titusville, Pa., for debtors.

Mark M. Ristau, Warren, Pa., Trustee.

## MEMORANDUM AND ORDER

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

The within bankruptcy proceeding was filed by the debtors February 22, 1983, and prior thereto in September of 1981 they entered into a contract of sale of the timber on a thirty-acre wood lot or timber tract constituting part of a larger property they owned in Eldred Township, Warren County, Pennsylvania to the plaintiff, Mark E. Brenner.

The sales price of the timber was $5,000.00, receipt of which the defendants admitted, and the agreement assigned all of the timber and trees one foot or more in diameter on the aforesaid wood lot

"together with the right of entry for the purposes of cutting, skidding, piling and removing the timber and trees therefrom, for four years from the date hereof; and at the expiration of five years hereafter, all rights of the Second Party (the Plaintiff-Buyer) shall cease and determine, and all remainder of timber and trees shall without notice revest in the First Parties, their heirs and assigns."

The premises were subject to a mortgage for $51,000.00 in favor of the Federal Land Bank of Baltimore dated November 3, 1980 recorded in the Recorder's Office of Warren County in Mortgage Book 246 page 18 some years before the bankruptcy petition in which it was provided in part of the formal provisions that the debtor would not cut or remove any wood or timber from the premises except for domestic use without the written consent of the mortgagee.

The plaintiff filed his complaint for determination of non-dischargeability of the debtors' obligation September 21, 1983 prior to which the mortgage had been foreclosed after the Court vacated the automatic stay, and alleged that the debtors are indebted to him in the sum of $5,000.00; that defendants accepted the $5,000.00 when the property was encumbered by the above mortgage which prohibited the cutting and removal of wood and timber without written consent of the mortgagee and that the plaintiff's claim was not listed in the bankruptcy schedules and therefore is not discharged under 11 U.S.C. Section 523(a)(2)(A) and 11 U.S.C. Section 523(a)(3).

The plaintiff was not originally listed as a creditor in the debtors' schedules probably because said plaintiff had not asserted any claim against him when the bankruptcy petition was filed a year and five months after the date of the contract, although he was added thereto pursuant to an order dated June 6, 1983 after notice of hearing on the Motion to Amend to which he did not object. No mention is made in the complaint nor in the testimony that the debtor made any false statement concerning the contents of the mortgage, nor is any allegation made of any wrongdoing on

the debtors' part other than whatever may be inferred from his bare sale of the timber.

The defendant is an ordinary citizen from a rural community without legal background or education and testified he did not know "the legalities of the situation" and did not have the mortgage in mind when he contracted to sell the timber. As a matter of fact he had consulted the agent of the mortgagee, the Federal Land Bank of Baltimore, at its Union City office, one Mr. Burawa, on the subject of what steps he could take to raise money to rehabilitate his business and Mr. Burawa had advised him to sell the timber for that purpose without mentioning any prohibition against removal of timber in the mortgage or otherwise. Mr. Burawa appeared at the hearing on the dischargeability case and testified under oath he had given the debtor the said advice.

The provisions in the mortgage requiring the consent of the mortgagee to any removal of timber would have been lost in the maze of formal provisions additionally contained in it and it is obvious neither party had them in mind at the time of the sale of the timber; that the local agent of the mortgagee had advised the debtor-mortgagor to sell said timber.

Mr. Sackett had knowledge of the bankruptcy proceeding and was present at the first meeting of creditors held April 6, 1983, 60 days before the Court's order of June 6, 1983 permitting him to be added to the schedules at the hearing on which the plaintiff did not appear, object or otherwise bring the facts involved in his complaint to determine the dischargeability of the alleged indebtedness before the court at any time until the filing of the complaint September 21, 1983, and the hearing thereon.

It is provided in Bankruptcy Rule 4007(c) that

"*Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation and Chapter 7 Reorganization Cases; Notice of Time Fixed.* A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)...."

See also B.R. 4004(a). This period expired June 1, 1983, sixty days after the first date set for the first meeting of creditors, April 1, 1983. May 1, 1983 was the date fixed by the court as the last day for the filing of such action in the original notice that April 1, 1983 was the date set for the § 341 meeting of creditors which set forth said expiration date although the meeting itself was later postponed to April 6, 1983 which the plaintiff attended and in which he took part.

 It follows that the within action filed September 21, 1983 is barred by the statute of limitations under any analysis of the foregoing facts and dates, and moreover, it would have had to be dismissed on the merits in any event, as it was neither alleged nor proven that the defendant had any intention to deceive the plaintiff, or that the plaintiff relied or had the right to rely, on the failure of the debtor to advert to the mortgage at the time of the contract of sale, both of which are essential ingredients of an action to deny a discharge or determine an indebtedness non-dischargeable; *In re Duo Metal and Iron Works, Inc.,* 45 B.R. 139, 143 and *In re Lipsey,* 41 B.R. 255, 257 (both Bkrtcy.E.D.Pa.1984, Goldhaber, J.) and *In re Bisbach,* 36 B.R. 350, 353 (Bkrtcy.W.D.Wisc.1984) holding both intention to deceive and reasonable reliance by the creditor on a false or fraudulent statement or misrepresentation of the debtor are essential ingredients of an action to determine an obligation to be non-dischargeable.

The means of ascertaining the existence of the mortgage and its contents were available to the plaintiff as the mortgage had been recorded two years before the bankruptcy filing and constituted constructive notice of its existence and of its contents as to which no misrepresentation of any kind by the debtor is alleged.

It is accordingly ORDERED that the subject indebtedness of the debtors is dis-

**24**

chargeable and that the within action be, and the same hereby is dismissed.